Chief J ustice Boyle
delivered the Opinion of tho Court.
This, is a writ of error to a decree subjecting to salé bank stock, taken and subscribed by John Crozier, in the Centre Bank of Kentucky, in the names of his infant children, and directing the proceeds of the sale to be applied in satisfaction of debts due from him to Young, and to Grayson, &c. upon bills in chancery, filed by them for that purpose.
The question is, whether the stock is liable to the. payment of those debts i
if it be liable, it must be made so, either in virtue of some statutory provisipn, or upon the principles of the common law. The statute against fraudulent conveyances is mainly relied on for that pur *158 pose, and we will examine the subject in relation to that statute’.
Stock subscribed and paid for by tin-father, for and in the names of his children, ■without valuable consideration, and whilst he was indebted to insolvency, .is not subject to bis creditors, under the statute ajrainst fraudulent conveyances.
That Act applies only to alienations of 'property not money, before debtor's, and subject to his creditors, and makes the aliena lion so void, that fhe properly may be seized and sold.
Putitdoosuot reach property, which never was the dcblor’s, nor money in any caso.--Nor properly, purchased by debtor in name of oihi :r persons.
At the time when Crazier subscribed for the stock in the names ofliis children, be was evidently greatly embarrassed, and the inference may be fairly deduced from the proof which the record affords, that he was indebted to insolvency. Had he. under such circumstances, conveyed to his children, for no other consideration but that of their relation to him, any estate of any kind held by him, which was subject, or might be made subject, to live payment of his debts, the conveyance .would, undoubtedly, have been deemed fraudulent and void as to hi.s creditors, under the statute against fraudulent conveyances. Hat i he stock in question was never held by him. He had, at no time, any property in it, either legal er equitable, and, of course, none could have been passed or conveyed from him to his children. By' the subscription for the, stock in their name, they became vested with the legal right to it, and they took it thereby, not from him, but from the corporation. The, money, indeed, which was paid on the subscription for the stock, was his; but it is not the money paid on the subscription which is sought by his creditors to be made subject to the payment of bis debts ; nor could the money so paid, if such had been their object, be made liable to his. debts, not only because money has, in-the language of the English courts, no ear mark by which it'can be distinguished, but because the money paid for the stock has passed into the bands of the stockholders, who acquired it in good faith, and cannot, therefore, be depmed o fit rightfully, but by their consent. But it is the stock and not the money paid for the stock, which the creditors in this case are pursuing, and the stock never was, his, and never was com eyed by him to his children.
Assuming this to be correct, it is obvious, tli0 statute against fraudulent conveyances, cannot, by any legal construction, be made to apply to tiie case; for (hat statute only' embraces alienations or conveyances made by debtors in fraud of their creditors, ami the effect of fhe statute is, by declaring, such alienations or conveyances void as to creditors, to reinvest the-property of the thing aliened or *159 Conveyed, in the debtor, and thus subject it id tlití payment of his debts, in the same manner as if there had been no alienation or conveyance by him.
Tho Act of 506' reguj.itins; conveyance--, 5 subjects to creditors, estates held in trust for debtor, (•.'■here declared, by common law process, when secret, by bill in equity, 1 but does not reach tho case, where debtor has himself no interest.
Hence it is held by (he British courts, under their statute, which is. in substance, the same as ours, and from which ours has been taken, that where property is purchased by a debtor in the name of a third person, to whom the conveyance is immediately and originally taken, the case is not within the statute — Oro, Car. 550. Roberts on Fraudulent Conveyances, 463. It is clear, therefore, that this case is net within the statute against fraudulent conveyances, and we are aware of no other statutory provision, which can be fairly applied to the Case.
By the 23d section of the act of 1798. regulating conveyances, estates of every kind held in trust, are made subject to the debts of those for whose benefit they are holden j and, under this provision, if a debtor should take a conveyance originally to a third person, in trust for himself, the thing-so con veyed would be liable to his debts, if the trust, in such a case, be expressed on the face of the deed, the thing so conveyed would be subject to be taken and sold by an execution at law j and if the trust be a secret one, and not expressed in the conveyance, a court of equity, we apprehend, mightinterpose to subject it to the payment of the debts of the person for whose benefit it is held. But in this case, the sub script,ion of the stock in question does not purport to be made in the names of Crozier’a children, in trust for himself, nor is there any proof of a secret trust to that effect, it is true that Crazier did afterwards assume to exercise acts of ownership over the stock; but this was plainly an unlawful assumption of authority by him, and fhe bank ought not to have permitted such acts to have been done by him, unless they hud been done in the capacity of guardian to his children. The stock in question cannot, therefore, be liable to pay Crozier’s debts, in virtue of the provision of the 13th section of the act regulating conveyances.
The-only other statutory provision which we apprehend can be supposed to apply t,a the case, is tka; *160 of the 6th section of the act, of 1821, abolishing the ca. sa.
Act of 1821, subjects dioses in action belonging to debtor, not stock or other choscs he may have purchased with his money, for and in "the names of his children, for their advancement.
The common law, unlike the statute, looked only to the right of creditors at the dote of the transaction; subsequent creditors could . not assail (ho conveyance.
Haggin and TVickliffe for plaintiffs.
But that section only subjects choses in action belonging to the debtor, and equitable interests to which he may be entitled, to the payment of his debts; and as the stock in question never did belong to Crozier, and he had no title to it either in law or equity, it is clear that the provision of that section cannot be construed to embrace the case.
Is, then, the stock in question liable to the payment of the debts in this case, upon the principles of the common law 1 We think not. To say nothing of the objection to the liability of the stock arising from the nature of the property, and assuming the subscription of the stock by Crozier, in the name of his children, to be, as it probably was intended by him, as an advancement of his children in fraud of his creditors, still we should be of opinion, that the creditors in this esse could not avail themselves of the fraud, and subject the stock to the payment of their debts, upon the principles of the common law. Fraud is, indeed, odious to the common law, and is discountenanced by it in every shape in which it may make its appearance. But the common law does not, like the statute against fraudulent conveyances, protect the interest of subsequent as well as precedent creditors. A creditor, to be entitled to the protection of the common law, against the effect of a fraudulent transaction, must show that he had a pre-existing debt or demand ; for otherwise, bis rights were not supposed by f he common law to be injured by tiie fraud. But the creditors in this case have failed to show, that they were the creditors of Crozier, when the fraudulent transaction of which they complain, took place. On the contrary, the debts which they seek to subject the stock in question to payment of, appear not to have originated until long after the subscription of the stock by Crozier, in the names of his children.
The decree must be reversed with costs, and the cause be remanded, that the bill be dismissed with costs.